[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2006
THOMAS K. KAHN
CLERK

No. 05-15635
Non-Argument Calendar

_____

D. C. Docket No. 05-00100-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES AMOS PORTER DUFFIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 1, 2006)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Andres Amos Porter Duffis appeals his 135-month sentence for one count of

possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a) and (g), 18 U.S.C. § 2,  21 U.S.C. § 960(b)(1)(B)(ii), and one count of conspiracy to do the same in violation of 46 U.S.C. app. §§ 1903(a), (g) and (j), 21 U.S.C. § 960(b)(1)(B)(ii).  We AFFIRM.

## I. **BACKGROUND**

Duffis and three others were aboard a "go-fast" vessel that had left from Colombia and was in international waters when the United States Coast Guard detected and apprehended them.  The defendants were participants in a maritime drug smuggling venture in the Caribbean Sea.  They attempted to flee from the Coast Guard and jettisoned bales of cocaine from their boat but, after the Coast Guard disabled their engine, they were apprehended.  The agents recovered approximately forty-eight bales of cocaine with a total weight of approximately 1,200 kilograms. Of the four crew members, Juan Pablo Castro was identified as the captain.  A federal grand jury indicted Duffis and his three codefendants. Without a plea agreement, Duffis pled guilty to these facts presented by the government.   The district judge accepted his plea of guilty based on a magistrate judge's report and recommendation.

The probation officer prepared a presentence investigation report ("PSI")

2

and calculated Duffis's offense level, grouping the two counts together pursuant to U.S.S.G. § 3D1.2(d) (Nov. 2004). The offense involved more than 150 kilograms of cocaine, which gave Duffis a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1). Because the government agreed that Duffis met the criteria in U.S.S.G. § 5C1.2, the offense level was decreased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(7). Duffis demonstrated a recognition and affirmative acceptance of responsibility for the criminal conduct, and the probation officer reduced his offense level by two levels, pursuant to U.S.S.G. § 3E1.1(a). The government advised the probation officer that Duffis assisted in its investigation and that it intended to move for a one-level reduction pursuant to § 3E1.1(b). With the cumulative reductions, Duffis had a total offense level of 33 and a criminal history category of I, for a Sentencing Guidelines imprisonment range of 135 to168 months.

Duffis objected and argued that he was entitled to a minor-role reduction to his offense level because he had no equity interest in the drugs, he was not paid a commission on the sale, he did not plan the sale or distribution of the drugs, and his role was simply that of a "mule," or drug courier. At the sentencing hearing on 6 October 2005,[1] the district judge overruled Duffis's objection and sentenced him

---

[1] This hearing took place approximately nine months after the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

according to the recommendation in the PSI. Duffis argued that he was entitled to a minor-role adjustment because of his low level of responsibility, evidenced by the facts that he did not own the boat or the drugs, he did not receive a commission or an equity interest in the drugs, he did not make decisions or plan the trip, and he was not the boat's mechanic. Duffis pursued his argument that he was only a "mule," and his sole responsibility was putting gas in the boat. The district judge overruled Duffis's objection and concluded that Duffis was an average participant who was similarly situated to his codefendants in the commission of the offense. The judge adopted the factual statements and Sentencing Guidelines application of the probation office and found that the applicable Guidelines range was 135 to 168 months of imprisonment.

In mitigation of his sentence, Duffis stated that he was in a desperate situation and had family members afflicted with various illnesses. Specifically, Duffis presented letters that stated that his mother-in-law suffered from a heart condition and his cousin suffered from leukemia; Duffis paid their medical expenses. Duffis additionally stated that he was "going through a difficult situation," had lost the utilities at his home, needed to pay his daughter's medical expenses, and needed to pay his other daughter's education bills. R3 at 16-17. The district judge found that, after listening to the parties' arguments, reviewing the

4

PSI, and 18 U.S.C. § 3553(a), 135 months for each count to run concurrently was an appropriate sentence. R3 at 21-22. The judge also found that, after her consideration of the advisory Sentencing Guidelines and all of the factors in § 3553(a), the sentence imposed was sufficient and not greater than necessary to comply with the statutory purpose of sentencing. Id. at 23. The judge imposed the 135-month sentence because she found the sentence to be "adequate, sufficient and reasonable." Id. On appeal, Duffis argues that the district judge clearly erred in not granting him a two-level decrease to his base offense level under U.S.S.G. § 3B1.2 for his alleged minor role. Duffis also contends that his sentence was unreasonable.

## II. DISCUSSION

A. Minor-Role Adjustment

Duffis argues that the district judge clearly erred in not granting him a two-level decrease in his base offense level for a minor role, pursuant to U.S.S.G. § 3B1.2. He contends that there were other people involved in the conspiracy to distribute cocaine and, compared to them, his role was minimal. He states that he was not paid a commission on the drug sale, he did not own the drugs, he had no equity interest in the drugs, he did not participate in decisionmaking, he was called at the last minute to go on the boat, and he was not the mechanic. Duffis contends

5

that he was simply a "mule," and the extent of his responsibility was to supply the boat with gasoline. Appellant's Br. at 6. Duffis also argues that other similarly situated defendants received minor-role reductions and imprisonment sentences for only 70-78 months and that the captain of the boat, a more culpable person, received the same sentence as Duffis.

The Sentencing Guidelines provide for a downward adjustment of two to four levels based on a defendant's role in an offense. U.S.S.G. § 3B1.2. There is a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). A four-level reduction for a minimal participant is warranted for "defendants who are plainly among the least culpable . . . of a group." U.S.S.G. § 3B1.2 comment. (n.4). A two-level reduction for a minor role is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The determination of whether to apply the reduction is a fact-based determination, and the court need not apply the adjustment "based solely on the defendant's bare assertion." U.S.S.G. § 3B1.2, comment. (n.3(C)); see United States v. Kapelushnik, 306 F.3d 1090, 1095 (11th Cir. 2002) (recognizing that defense counsel's allegations during sentencing did not constitute a sufficient

6

evidentiary basis upon which to grant a downward departure under the Sentencing Guidelines).

A district judge's determination of a defendant's role in the offense is a finding of fact reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939.  In determining the defendant's role, the decision falls within the sound discretion of the district judge: "a trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." Id. at 945 (citation omitted).  As long as the sentencing judge's decision is supported by the record, the judge need not make specific subsidiary factual findings regarding the defendant's role in the offense. Id. at 939.

In De Varon, we established a two-part test to determine whether a mitigating-role reduction is appropriate. See id. at 940-45.  The first prong is the defendant's role in the relevant conduct, and the second is the defendant's role compared to other participants in the relevant conduct. Id. at 940.  In applying the first prong, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to [him] in

7

calculating [his] base offense level." Id. at 941. Thus, the sentencing judge may consider only criminal conduct for which the defendant was held accountable. Id. For a drug offense, the judge may not consider the "greater drug conspiracy," but only the conduct that determined the defendant's base offense level. Id. at 942.

"[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. Furthermore, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943. Thus, the quantity of drugs in the courier's possession "may be the best indication" of a defendant's role in the offense, and, in some cases, the "amount of drugs may be dispositive." Id.

In the second prong of the De Varon analysis, the district judge also can assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." Id. at 944. The judge may consider only participants who are "identifiable or discernable from the evidence," and "[t]he conduct of participants in any larger criminal conspiracy is irrelevant." Id. Even if a defendant's role is "less than that of other participants engaged in the relevant conduct" he may not be entitled to an adjustment because, in some cases, there are no minor or minimal

8

participants.  Id.  To apply the adjustment, the district judge must find that "the defendant was less culpable than most other participants in [his] relevant conduct." Id.

In this case, the district judge did not clearly err in finding that Duffis did not play a minor role in the instant offense and that he was not less culpable compared to the other participants.  First, Duffis's argument that his role was minor compared to the larger drug conspiracy is irrelevant.  The only relevant facts are those surrounding the transport of approximately 1,200 kilograms of cocaine found in Duffis's possession on a "go-fast" boat.  Under the first prong, this large quantity of drugs substantiates that Duffis was not a minor participant.  Under the second prong, with the exception of the captain, the other participants were in the same position as Duffis—riding on the boat and transporting the drugs.  Thus, under the first prong, the quantity of drugs shows Duffis was not a minor participant, and under the second prong, Duffis was not less culpable than the other drug couriers.  We conclude that the district judge did not clearly err in not granting Duffis a minor-role adjustment.

B.  Reasonableness of Sentence

Duffis argues that his sentence was unreasonable because he was in a desperate situation and other similarly situated defendants received lower

sentences. He contends that he had sick family members, his home utilities had been terminated, he owed money, and he could not pay his children's medical and education bills. Duffis argues that other similarly situated defendants received minor-role reductions and sentences of only 70 to78 months and that the captain of the boat, a more culpable person, received the same sentence as Duffis. He contends that these differences in sentences for similarly situated defendants make his sentence unreasonable.[2]

After Booker, we review sentences for reasonableness with the Sentencing Guidelines applied as advisory. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam); United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005) (per curiam). We review a defendant's ultimate sentence, in its entirety, for unreasonableness in view of the factors in 18 U.S.C. § 3553(a).[3] Winingear, 422

_____

[2] We reject the government's argument that we lack jurisdiction regarding the district judge's decision not to impose a sentence below Duffis's Sentencing Guidelines range . See United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam) (determining "that a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to [18 U.S.C.] § 3742(a)(1)"). The government also argues that we should hold that a sentence in the applicable Guidelines range is presumptively reasonable, but we have expressly rejected this argument, and only held that "the use of the Guidelines remains central to the sentencing process." United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005) (per curiam).

[3] The factors in 18 U.S.C. § 3553(a) include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant

10

F.3d at 1245.  Post-Booker, a district judge still must calculate the sentence correctly under the Sentencing Guidelines.  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  We review a district judge's factual findings for clear error and application of the Sentencing Guidelines de novo.  Id. at 1177-78.  Booker did not alter our review of the application of the Guidelines or the applicable standards of review.  Id.

The district judge imposed a reasonable sentence because she stated that she had considered the factors in § 3553(a) and Duffis's arguments, and she correctly applied the Sentencing Guidelines.  See Talley, 431 F.3d at 787.  The district judge specifically stated that she had considered Duffis's response to the calculation of the Sentencing Guidelines and the factors in § 3553(a) and found that 135 months of imprisonment, a sentence at the low end of the applicable Guidelines range, was sufficient, but not greater than necessary.  R3 at 21, 23.  Our review of the record reveals that the district judge considered all of Duffis's arguments about his sentence and imposed a reasonable sentence.[4]

_____

with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

[4] Duffis's disparity-in-sentences argument is that, because other unidentified defendants in other cases received lower sentences and a more culpable codefendant received the same sentence,

11

# III. CONCLUSION

Duffis has challenged his 135-month imprisonment sentence for possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States as well as conspiracy as to these acts on the bases of minor-role participation and unreasonableness.  As we have explained, Duffis's culpability for his role in the crimes committed qualified him for the sentence that he received, and it was reasonable.  Therefore, his sentence is **AFFIRMED.**

---

his sentence was unreasonable. Since there is no evidence that similarly situated defendants in other cases received lower sentences, we do not consider these arguments.  Duffis argues that only one codefendant was more culpable, but does not offer any evidence of culpability. Duffis's codefendants received the same sentence as Duffis.  See United States v. Marin, No. 05-17236 (M.D. Fla. Dec. 16, 2005) (judgment); United States v. Robinson, No. 05-17237 (M.D. Fla. Dec. 16, 2005) (judgment).  Consequently, there was no sentence disparity.  Duffis also argues that, in considering the nature of the defendant and his desperate situation, he was entitled to a lower sentence.   The district judge adequately addressed this argument when she noted that she had considered his arguments and the factors in § 3553(a).  See Talley, 431 F.3d at 786.